**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **5G STUDIO COLLABORATIVE, LLC** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 3:15-cv-2719** |
| | § | |
| **v.** | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| **DALLAS UPTOWN** | § | |
| **HOSPITALITY, LLC** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S 5G STUDIO'S RESPONSE TO DEFENDANT DUH'S MOTION TO
DISMISS OR FOR MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT**

ANDREWS KURTH LLP

Tonya M. Gray
Texas Bar No. 24012726
tonyagray@andrewskurth.com
James C. Bookhout
Texas Bar No. 24087187
jamesbookhout@andrewskurth.com
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:   (214) 659-4400
Facsimile:   (214) 659-4401

**ATTORNEYS FOR PLAINTIFF
5G STUDIO COLLABORATIVE, LLC**

# I. INTRODUCTION

The Court should deny Dallas Uptown Hospitality, LLC's ("DUH") Motion to Dismiss or for More Definite Statement (the "Motion to Dismiss") because it is both (a) moot as to its allegations concerning 5G Studio's claim for copyright infringement and (b) incorrect in its assertion that 5G Studio's claim for unjust enrichment is preempted by the Copyright Act.

First, 5G Studio has filed an Amended Complaint (Dkt. No. 11) providing additional details concerning its copyright registrations and DUH's infringing acts. It identifies the registered works by registration number, title, and effective date. 5G Studio has also attached copies of the actual registration certificates. Moreover, for the convenience of the parties and the Court, 5G Studio has provided additional details concerning DUH's infringing acts. For these reasons, 5G Studio has pleaded an adequate copyright claim.

Second, the basis for 5G Studio's unjust enrichment claim is factually distinct from its copyright claim and is not preempted. The unjust enrichment claim relates to DUH's failure to compensate 5G Studio for the time and effort expended in providing architectural services and in attending various governmental and community planning meetings related to the construction of the Dream Hotel, which is outside the subject matter of copyright. Further, the unjust enrichment claim arises from DUH's failure to pay for services rendered despite a promise that it would do so; it does not relate to DUH's distribution of copies of and creation of derivative works based on 5G Studio's copyrighted documents. Thus, 5G Studio's copyright claim is not equivalent to its claim for unjust enrichment. For these reasons, the Court should deny the Motion to Dismiss.

## II. PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

This lawsuit arises from DUH's failure to both: (i) compensate 5G Studio, as agreed, for providing architectural services and (ii) subsequent infringement of 5G Studio's registered

copyrights (the "Registered Copyrights"). 5G Studio is an architecture and planning firm located in Dallas, Texas. In mid-2013, DUH sought 5G Studio's assistance in providing architectural design services for an upscale, boutique hotel in Uptown known as the "Dream Hotel." Upon information and belief, DUH is the owner and developer of the Dream Hotel property.

At DUH's request, over the course of 2013 and 2014, 5G Studio provided a series of architectural design services, including a complete rendering and architectural design of the Dream Hotel; schematic design phase services; and attendance at various city planning committee and community group meetings. As a result of the meetings, substantial revisions were made to the architectural plans. At all times, DUH represented that it would compensate 5G Studio for its services and involve it throughout the project. The value of 5G Studio's architectural services for the entirety of the project was estimated at $1.2 million.

As late as January 2015, DUH assured 5G Studio that it would remain involved in the project. When 5G Studio submitted an invoice for the services, DUH refused to pay as agreed, depriving 5G Studio of any compensation for its months of work and effort. Further, DUH has retained all the architectural materials protected by the Registered Copyrights. Collectively, these works illustrate and describe the building design and floor layouts for the Dream Hotel, including layouts of all habitable floors and a parking garage.

Both before and after the effective date of the Registered Copyrights, DUH has continued to reproduce and display these copyrighted materials without permission in presentations to others and in the development of the property. Since at least July 2015 (and likely previously), DUH has provided architects at a competing architecture firm based in Dallas, Texas with copies of the works protected by 5G Studio's Registered Copyrights. DUH has directed those recipients

to prepare derivative works in the form of architectural plans, schematics, and renderings that are substantially similar to 5G Studio's copyrighted architectural designs.

As a result, 5G Studio filed the instant lawsuit on August 19, 2015, alleging claims for copyright infringement; breach of contract; promissory estoppel; and unjust enrichment. After filing an unopposed motion for an extension, DUH filed the Motion to Dismiss on September 23, 2015. For the reasons stated below, the Motion to Dismiss should be denied.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8 "does not require detailed factual allegations." *Morris v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014) (citing *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It simply requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "Thus, a complaint will survive a motion to dismiss if it contains 'enough facts to state a claim to relief that is plausible on its face.'" *Gulf Coastal Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 504 (5th Cir. 2011) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Morris*, 739 F.3d at 745. To meet this standard, a plaintiff need only "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Morris*, 739 F.3d at 745; *Gulf Coastal*, 658 F.3d at 504.

### IV. ARGUMENTS AND AUTHORITIES

#### A.  DUH's Arguments Concerning 5G Studio's Copyright Claim Are Moot.

Immediately prior to filing this response, 5G Studio filed its Amended Complaint as an amendment as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). "Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending." *Melson v. Vista World, Inc. & Assocs.*, 2012 WL 6002680, at *12 (E.D. La. Nov.

30, 2012) (citing cases). "Some courts have concluded that a pending 12(b)(6) motion to dismiss becomes moot upon the filing of an amended complaint." *Thomas v. Miramar Lakes Homeowners Ass'n*, No. 4:13–CV–1479, 2014 WL 3897809, at *4 (S.D. Tex. Aug. 6, 2014). "Other courts hold that an amended complaint will not automatically moot a pending motion to dismiss." *Id.*

Here, regardless of whether DUH's pending motion to dismiss is deemed to be a response to the Amended Complaint, its arguments concerning 5G Studio's copyright claims are moot. Essentially, DUH complains that 5G Studio has not specifically listed the registered copyrights that DUH infringed or adequately identified the infringing conduct. Neither of these arguments is true of the Amended Complaint.

     1.    *The Amended Complaint Specifically Identifies the Registered Copyrights that DUH Has Infringed.*

Under federal law, copyright "certificates constitute prima facie evidence of copyright validity and ownership." *Value Grp., Inc. v. Mendham Lake Estates, L.P.*, 800 F. Supp. 1228, 1232 (D.N.J. 1992). Contrary to DUH's assertions, if a pleading shows that a plaintiff has received a copyright registration from the U.S. Copyright Office, it is not necessary to discuss particulars of payment or receipt by the Copyright Office because all of these items are already *required* prior to receiving the actual certificate. *See Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386–87 (5th Cir. 1984). An allegation that the plaintiff has complied with all copyright laws and that it owns the right to the works at issue is sufficient to plead a claim for copyright infringement. *See, e.g.*, *Sefton v. Jew*, 201 F. Supp. 2d 730, 748 (W.D. Tex. 2001); *Lefkowitz v. McGraw-Hill Global Educ. Hldgs., LLC*, 23 F. Supp. 3d 344, 352 (S.D.N.Y. 2014).

The Amended Complaint identifies the "Registered Copyrights" by registration number, title, and effective date and attaches copies of the actual registration certificates. This is more

than sufficient under federal law to identify the infringed documents. For this reason, DUH's argument that 5G Studio has not adequately pleaded copyright registration is moot.

2.      *The Amended Complaint Adequately Identifies the Infringing Conduct.*

DUH incorrectly argues that 5G Studio's pleading does not identify DUH's infringing conduct with the "requisite particularity." *See* Mtn. to Dismiss at 1 (Dkt. No. 9). Particularity, however, is not a pleading requirement applicable to copyright claims. *See* FED. R. CIV. P. 8, 9(b). As this Court has stated, "[t]o the extent [DUH] is suggesting that there is a heightened pleading requirement for copyright litigation, that position does not comport with the liberal pleading requirements found in the Federal Rules of Civil Procedure." *Arista Records LLC v. Gruebel*, 453 F. Supp. 2d 961, 964 (N.D. Tex. 2006). "Although Federal Rule of Civil Procedure 9 imposes heightened pleading standards for allegations of fraud or mistake, most causes of action, including copyright infringement claims, must satisfy only the minimal notice-pleading requirements of Federal Rule of Civil Procedure 8." *Id.*

As to allegations of infringing conduct, "[p]laintiffs need not list each and every individual act of infringement of their exclusive rights at this preliminary stage of the proceedings." *Id.* at 966. "[S]pecific dates and times for the alleged instances of copyright infringement are matters that can be clarified during discovery." *Id.* at 967. As such, an assertion of continuous and ongoing infringement satisfies the pleading requirements for copyright infringement. *Id.*

Although the Original Complaint was itself sufficient, in the interests of judicial economy, the Amended Complaint more specifically identifies DUH's infringing conduct. In particular, it identifies that DUH has copied, distributed, and displayed the works protected by the Registered Copyrights and has made and continues to make derivative works. *See* Amended

Complaint ¶ 18. It sets forth the fact that DUH has directed other architects based in Dallas, Texas to copy and create derivative works from the Registered Copyrights and that these activities are continuous and ongoing. *See id.* This detail is sufficient to state a plausible claim for relief under Federal Rule of Civil Procedure 8(a).

For these reasons, DUH's argument that the Original Complaint did not identify the allegedly infringing conduct is moot. The Court should therefore deny the motion.

**B.   The Copyright Act Does Not Preempt 5G Studio's Claim for Unjust Enrichment.**

In its Motion to Dismiss, DUH mistakenly argues that DUH's claim for unjust enrichment or quantum meruit is exclusively related to DUH's alleged use of 5G Studio's works and that this claim is therefore preempted by the Copyright Act. This argument is incorrect.

Section 301(a) of the Copyright Act provides that "[A]ll legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright … in works of authorship that are fixed in a tangible medium of expression … and come within the subject matter as specified by sections 102 and 103 … are governed exclusively by this title." 17 U.S.C. § 301(a). "Section 301(a) accomplishes the general federal policy of creating a uniform method for protecting and enforcing certain rights in intellectual property by preempting other claims." *Daboub v. Gibbons*, 42 F.3d 285, 288 (5th Cir. 1995).

The Fifth Circuit uses a two-part test to determine whether a state law claim is preempted by the Copyright Act. "First, the claim is examined to determine whether it falls 'within the subject matter of copyright' as defined by 17 U.S.C. § 102." *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 594 (5th Cir. 2015) (quoting *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003)). "[S]econd, 'the cause of action is examined to determine if it protects rights that are

"equivalent" to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106.'" *Id.* "A claim must satisfy *both prongs* of this test to be preempted." *Id.* (emphasis added).

       1.     *5G Studio's Claim for Unjust Enrichment Is Not Within the Subject Matter of the Copyright Act.*

First, 5G Studio's claim for unjust enrichment is not within the subject matter of copyright. Under Section 301(a), the subject matter of copyright is as described in Sections 102 and 103. *See* 17 U.S.C. § 301(a). Section 102(a) states that federal copyright law extends to "original works of authorship fixed in any tangible medium of expression." *Id.* § 102(a). However, Section 102(b) excludes from copyright protection "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." *Id.* § 102(b).

Contrary to DUH's assertion, the subject matter of 5G Studio's unjust enrichment claim is not within the scope of the Copyright Act. Admittedly, the literary and architectural works protected by the Registered Copyrights are within the subject matter of copyright. But 5G Studio's complaint under its unjust enrichment claim does not concern the documents themselves. Rather, 5G Studio seeks recovery for DUH's failure to compensate it for (i) the actual work and effort expended in preparing the documents and (ii) attendance at meetings with Dallas city planning committee members and with a local neighborhood group.

Thus, the subject matter of the unjust enrichment claim relates to the value of the services provided. Services are hardly a "work of authorship fixed in [a] tangible medium of expression." *See* 17 U.S.C. § 102(a). Further, 5G Studio's services in attendance at various governmental and community planning meetings were particularly important because those organizations collectively exercise control over the construction approval process. Whatever the subject matter of copyright, it clearly does not extend to compensation for physically attending meetings and

fielding questions from government officials and community groups. For these reasons, 5G Studios' claim for unjust enrichment does not fall within the subject matter of the Copyright Act.

> 2.    *5G Studio's Unjust Enrichment Claim Protects Rights Separate From those Protected by the Copyright Act.*

Second, 5G Studio's state law claim for unjust enrichment is not equivalent to its copyright claim. "A state law claim protects rights equivalent to federal copyright claim where the core of the state law theory of recovery speaks to wrongful copying." *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 783 (S.D. Tex. 2010) (citing *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995)). "This examination requires a 'comparison of the nature of the rights protected under federal copyright law with the nature of the state rights' asserted by a claimant." *Id.* (quoting *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999)). A right created under state law is equivalent to copyright laws "if the the mere act of reproduction, distribution, or display infringes it." *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F. Supp. 2d 756, 764 (N.D. Tex. 2006).

The Fifth Circuit "evaluate[s] the equivalency of rights under what is commonly referred to as the 'extra element' test." *Alcatel USA*, 166 F.3d at 787. Under that test, "if … one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie 'within the general scope of copyright,' and preemption does not occur." *Id.*

Based on the extra element test, a claim for unjust enrichment related to a defendant's failure to provide payment under a contract is not preempted by the Copyright Act. "[W]hen the core of Plaintiff's complaint stems from breaches of contractual … duties, his claims [for unjust enrichment] are 'in reality a further explanation of the damages that [plaintiff] intends to prove arising from the breach of contract,' which has been [held to be] sufficiently unique to survive

the extra element test." *McConley v. Boise Bldr. Sols. Mfg., LLC*, No. Civ. A. 05-1006-A, 2006 WL 709599, at *5 (W.D. La. Mar. 21, 2006) (quoting *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int., Inc.*, 991 F.2d 426, 434–35 (8th Cir. 1993)). Thus, where "breach of contract claims … [are] not preempted, … unjust enrichment claims, which [are] simply part of the plaintiff's alleged damages, [are] also not preempted." *Id.*

Here, the theory upon which 5G Studio bases its claim for unjust enrichment has nothing to do with DUH's "reproduction, distribution, or display" of 5G Studio's works. Instead, the claim is premised on DUH's knowledge that 5G Studio expected compensation for its services and that DUH asked for and accepted 5G Studio's work product but refused to pay for it. Thus, the factual bases for 5G Studio's claims are separate: its copyright claim involves allegations of copying and creation of derivative works, while its breach of contract, promissory estoppel, and unjust enrichment claims involve allegations of DUH's promise to pay for work received and subsequent refusal to do so.

Under the facts of this case, DUH's actions are separated by a temporal barrier. Even if DUH had accepted the documents, thanked 5G Studio kindly, and placed them in a drawer never again to see the light of day, DUH would still have to compensate 5G Studio for its work because it *promised to do so*. Whether DUH later engaged in copyright infringement is an inherently separate inquiry. To demonstrate this point, the Court need look no further than 5G Studio's Original Complaint. In the Prayer for Relief, 5G Studio respectfully asked "[t]hat, if the Court finds that *contract damages* are unavailable, the Court award 5G Studio its actual damages for its reliance on DUH's promises and for DUH's unjust enrichment at 5G Studio's expense." *See* Original Complaint, Prayer for Relief Pt. C (Dkt. No. 1) (emphasis added). This language is unchanged in the Amended Complaint.

Thus, 5G Studio has specifically stated that its claim for unjust enrichment is related to its breach of contract claim. Tellingly, DUH does not challenge 5G Studio's breach of contract or promissory estoppel claims or 5G Studio's ability to assert valid claims for both copyright infringement and breach of contract under the facts alleged in the Original Complaint. Thus, to the extent that 5G Studio's unjust enrichment claim is based on the same facts as its breach of contract claim, DUH has itself essentially recognized that the claims are not preempted. *See McConley*, 2006 WL 709599 at *5. The Court should reach this same conclusion and find that 5G Studio's unjust enrichment claim is not preempted by the Copyright Act.

## V. CONCLUSION

In summary, 5G Studio has filed an Amended Complaint that renders DUH's arguments regarding the sufficiency of 5G Studio's copyright claim moot. Moreover, under either the Original Complaint and the Amended Complaint, the Copyright Act does not preempt 5G Studio's claim against DUH for unjust enrichment. For these reasons, 5G Studio respectfully requests that the Court deny the Motion to Dismiss; in the alternative, 5G Studio requests that it be granted leave to amend its pleading to provide additional details. 5G Studio also requests such other relief to which it may be justly entitled.

Respectfully submitted,


**ANDREWS KURTH LLP**


By: /s/ *Tonya M. Gray*
Tonya M. Gray
Texas Bar No. 24012726
tonyagray@andrewskurth.com
James C. Bookhout
Texas Bar No. 24087187
jamesbookhout@andrewskurth.com
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:   (214) 659-4400
Facsimile:    (214) 659-4401

**ATTORNEYS FOR PLAINTIFF**
**5G STUDIO COLLABORATIVE, LLC**


**CERTIFICATE OF SERVICE**

    I certify that, pursuant to L.R. 5.1(d), on October 14, 2015, a copy of the foregoing document was served on the following counsel of record via the Court's CM/ECF Filing System:

    Kenneth C. Johnston
    kjohnston@krcl.com
    Robert W. Gifford
    rgifford@krcl.com
    3700 Thanksgiving Tower
    1601 Elm Street
    Dallas, TX 75201
    Telephone:     (214) 777-4200
    Facsimile:      (214) 777-4299

    **ATTORNEYS FOR DEFENDANT**
    **DALLAS UPTOWN HOSPITALITY, LLC**


     /s/ *Tonya M. Gray*
    Tonya M. Gray