## IN THE UNITED STATES DISTRICT COURT
## NORTHEN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **5G STUDIO COLLABORATIVE, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Civil Action No. 3:15-cv-02719-L** |
| | § | |
| **DALLAS UPTOWN** | § | |
| **HOSPITALITY, LLC** | § | |
| | § | |
| *Defendant.* | § | |

## <u>UNOPPOSED MOTION TO WITHDRAW AND FOR TEMPORARY STAY</u>

Kane Russell Coleman & Logan PC, Kenneth C. Johnston, and Robert W. Gifford (collectively "KRCL") respectfully file this Motion to Withdraw (the "Motion") pursuant to Local Rule 83.12 of the Local Civil Rules for the Northern District of Texas, to withdraw from the above-captioned action as counsel for Defendant Dallas Uptown Hospitality, LLC ("Defendant"). KRCL further requests a temporary thirty-day stay of all proceedings in this matter to allow Defendant to obtain new counsel.

### I.     SUMMARY OF ARGUMENT

On May 6, 2016, Defendant discharged KRCL as counsel. Defendant instructed KRCL to generate a "final bill," and not to incur additional costs. Defendant also advised KRCL, and authorized KRCL to disclose to this Court, that Defendant plans to file a petition for bankruptcy protection by the end of the month. Of course, the automatic stay provisions of the Bankruptcy Code will delay, or even moot, further proceedings in this action.

As discharged counsel, KRCL must seek to withdraw from this action pursuant to Texas law. KRCL may no longer advise or represent Defendant in any proceedings, including discovery matters. KRCL has advised Defendant that because it is a limited liability company, it may not appear in federal court without counsel.

Accordingly, KRCL respectfully asks this Court to grant this motion to withdraw and stay this action for 30 days so that Defendant may either:  (i) retain new counsel; or (ii) file bankruptcy.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a limited liability company organized under the laws of the State of Delaware.[1] It no longer does business and no longer maintains a principal place of business.  Defendant's Managing Member is Scott Morgan ("Morgan"). Morgan's address is 1 North LaSalle Avenue, Suite 2350, Chicago, Illinois 60602, and his telephone number is (312) 907-2975. Morgan's email address is scottmorgan@bighorn-capital.com.

On or about September 6, 2015, Defendant engaged KRCL to represent it in this matter.[2] KRCL has diligently represented Defendant since that time, including by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12, promulgating and responding to discovery, discharging Defendant's meet-and-confer obligations, negotiating an agreed protective order with plaintiff, and other litigation tasks.[3]

On May 6, 2016, Defendant directed KRCL to cease work and withdraw from this matter.[4] KRCL advised Defendant that it would need replacement counsel because Defendant is a limited liability company.[5]  KRCL also advised Defendant of the scheduled deadlines in this action.[6] KRCL conferred with Defendant about producing documents KRCL has so far determined to be responsive to plaintiff's discovery requests, but Defendant has not authorized KRCL to produce

---

[1] Declaration of Robert W. Gifford, attached hereto as Exhibit 1, ¶ 4.

[2] *See Id.*, ¶ 3.

[3] *See Id.*, ¶ 5.

[4] *See id.*, ¶ 6.

[5] *See id.*, ¶ 7.

[6] *See id.*, ¶¶ 8-9.

them.[7] Defendant informed KRCL it plans to file for bankruptcy protection by "the end of the month."[8]

KRCL informed plaintiff's counsel that KRCL has been discharged.[9]  The first deposition in this action was scheduled to be taken on May 25, 2016, from a defense witness named Steven Shelley.  Defendant has instructed KRCL not to appear for or defend the Shelley deposition.[10] Based on KRCL's discussions with plaintiff's counsel, KRCL understands that plaintiff plans to postpone the Shelley deposition.[11]  Plaintiff has expressed concern about delaying this litigation, which KRCL has communicated to Defendant.

### III.      ARGUMENT AND AUTHORITIES

### A.      BY LAW, KRCL MUST WITHDRAW BECAUSE IT HAS BEEN DISCHARGED.

Pursuant to Texas Disciplinary Rule 1.15(a)(3), "a lawyer *shall* decline to represent a client or, where representation has commenced, shall withdraw… from the representation of a client if… the lawyer is discharged, with or without good cause" (emphasis added). Defendant's instruction to KRCL to cease work therefore obligates KRCL both to withdraw from this action and to take no action to further the litigation. Among other things, Defendant's instruction precludes KRCL from representing Steven Shelley at his deposition.

---

[7]  *See Id.*, ¶ 10.

[8]  *See Id.*, ¶ 11.

[9]  *See Id.*, ¶ 12.

[10] *See Id.*, ¶ 13.

[11] *See Id.*, ¶ 14.

**B.      KRCL HAS SATISFIED LOCAL RULE 83.12.**

This Court's Local Rule 83.12(a) prescribes steps civil attorneys must take when moving to withdraw.  In the motion to withdraw, the withdrawing attorney must "specify the reasons requiring withdrawal."[12]  Here, as discussed above, the reason is Defendant has discharged KRCL.

Additionally, LR 83.12(a) provides that if the succeeding attorney is not known, then "the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature."  As described in the fact section above, Scott Morgan is Defendant's Managing Member, and KRCL has provided his contact information. Mr. Morgan's signature approving withdrawal appears below.

**C.      WITHDRAWAL WILL NOT UNFAIRLY PREJUDICE DEFENDANT OR PLAINTIFF.**

Federal law governs this motion.[13]  The decision whether to allow an attorney to withdraw is "entrusted to the sound discretion of the district court,"[14] especially if the attorney seeks to withdraw over the client's objection.[15]  In exercising its discretion, the court "must insure that it is aware of the reasons behind the request."[16]  Here, Defendant discharged KRCL—a decision the Fifth Circuit Court of Appeals considers to be "one of constitutional dimensions" even in civil actions.[17]

---

[12] "Local Civil Rules for the United States District Court for the Northern District of Texas," LR 83.12(a).

[13] *See Denton v. Suter*, 2013 WL 5477155, *1 (N.D. Tex. Oct. 2, 2013) ("Whether good cause exists for an attorney to withdraw is a question of federal law.") (citing *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992)).

[14] *Denton v. Suter*, 2013 WL 5477155, *1 (N.D. Tex. Oct. 2, 2013) (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)).

[15] *See White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, *1 (N.D. Tex. Jun. 15, 2010) ("This [discretion in deciding motions to withdraw] is especially true where . . . an attorney seeks to withdraw over his client's objection.").

[16] *Id.*; *see also White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, *1 (N.D. Tex. Jun. 15, 2010).

[17] *Mosley v. St. Louis Sw. Ry.*, 634 F.2d 942, 945-46 (5th Cir. Unit A Jan. 1981); *Texas Catastrophe Property Ins. Ass'n. v. Morales*, 975 F.2d 1178, 1181 (5th Cir. 1992) ("The right to counsel in civil matters includes the right to choose the lawyer who will provide that representation.") ("While this right is one of constitutional dimensions and should be freely exercise without impingement, the right is not absolute.").

That said, it also "is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel."[18]  Federal courts therefore consider:  (i) the extent to which the attorney's withdrawal will delay or disrupt the case; (ii) the length of time for which the case and any dispositive motions have been pending; (iii) the time is would take and the financial burden it would impose on the client to find new counsel; (iv) the financial burden the attorney would suffer if not allowed to withdraw; (v) prejudice to the other parties; and (vi) whether withdrawal will harm the administration of justice.[19]  In this case, KRCL's withdrawal will satisfy each of these considerations.

Regarding the first consideration, KRCL's discharge and withdrawal will not significantly delay this action for at least two reasons.  For one, it is Defendant's decision to discharge KRCL, which leaves Defendant well-positioned to quickly obtain successor counsel.  Also, Defendant's impending bankruptcy filing will divest this Court of jurisdiction in any event and impose an automatic stay of proceedings.  Even if the parties were to continue litigating during the next several weeks, they cannot make significant progress toward resolution in light of the overarching bankruptcy considerations that will come into play after Defendant files for protection.

Regarding the second consideration, no dispositive motions are pending.  This action has been pending since August 19, 2015.  The parties are just now beginning to exchange documents and schedule depositions.  Some delays in discovery resulted from Defendant's financial condition and lack of access to its former email servers; others have resulted from disagreements between the parties regarding, for example, discovery requests and objections and the need for a protective order.  In other words, a short stay to allow Defendant to retain counsel will not significantly extend this action.

---

[18]  *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981); *see also Denton*, 2013 WL 5477155 *2.
[19]  *See Denton*, 2013 WL 5477155 *2.

Regarding the third consideration, it will impose little burden on Defendant to secure new counsel. After all, Defendant has already told KRCL it will file for relief under the United States Bankruptcy Code by the "end of the month." At that time, Defendant necessarily will have the benefit of bankruptcy counsel in place of KRCL. Should the bankruptcy court grant plaintiff relief from the automatic stay to pursue this action, Defendant's bankruptcy counsel will be in the best position to defend Defendant or coordinate separate representation. Indeed, it will relieve the burden on Defendant for this Court to grant a stay because then Defendant can concentrate on its bankruptcy petition and incur costs only for that activity.

Regarding the fourth consideration, KRCL may be prejudiced if this Court denies withdrawal given that Defendant is seeking bankruptcy protection. To require KRCL to continue its representation without a stay of proceedings is to ask KRCL to work with no likelihood of payment. Indeed, the Fifth Circuit has recognized that the prospect of non-payment may constitute good cause to withdraw.[20]

Regarding the fifth consideration, KRCL and Defendant have worked to minimize the prejudice to plaintiff. The parties have negotiated a stay of discovery obligations and other business between them sufficient to allow Defendant to retain successor counsel or file for bankruptcy. Further, plaintiff's counsel has stated that it does not oppose a thirty-day stay conditioned on certain extensions of discovery obligations, to which Defendant has agreed.

Finally, regarding the sixth consideration, withdrawal will not harm the administration of justice for the simple reasons that Defendant no longer wants KRCL to represent it and plans to seek bankruptcy protection. If plaintiff's claim has merit, it will have adequate remedies under the Bankruptcy Code.

---

[20] *See Auguston v. Linea Aerea Nacional—Chile S.A.*, 76 F.3d 658, 663 (5th Cir. 1996) (acknowledging counsel's good cause to withdraw when client "refuses to pay for services.").

In sum, this Court should grant KRCL's motion to withdraw because it gives effect to Defendant's right to choose its counsel, and will not significantly prejudice plaintiff.

## IV.    CONCLUSION

For the reasons described above, KRCL respectfully asks this Court to grant this motion, and order (i) Kane Russell Colman & Logan PC, Kenneth C. Johnston, and Robert W. Gifford to be withdrawn as counsel for Defendant, (ii) that this matter shall be stayed for 30-days, and (iii) that Defendant have such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: s/ Robert W. Gifford
    Kenneth C. Johnston
    Attorney in Charge
    State Bar No. 00792608
    kjohnston@krcl.com

    Robert W. Gifford
    State Bar No. 24093543
    rgifford@krcl.com

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 777-4200
(214) 777-4299 (Facsimile)

ATTORNEYS FOR DEFENDANT
DALLAS UPTOWN HOSPITALITY, LLC

**CLIENT:**

**DALLAS UPTOWN HOSPITALITY, LLC**

_____     _____
Scott Morgan,                             Date
Managing Member

Address: _____

_____
Telephone: _____
E-mail: _____

Respectfully submitted,

KANE RUSSELL COLEMAN & LOGAN PC


By: s/ Robert W. Gifford
    Kenneth C. Johnston
    Attorney in Charge
    State Bar No. 00792608
    kjohnston@krcl.com

    Robert W. Gifford
    State Bar No. 24093543
    rgifford@krcl.com

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 777-4200
(214) 777-4299 (Facsimile)

ATTORNEYS FOR DEFENDANT
DALLAS UPTOWN HOSPITALITY, LLC


CLIENT:

DALLAS UPTOWN HOSPITALITY, LLC

Scott Morgan,
Managing Member

Date: 5/20/16

Address: 1. N. Lozu 40

Telephone: 310-908-2775

E-mail: Scott Morgan@b.zoom Capital

## CERTIFICATE OF CONFERENCE

This is to certify that I conferred with Tonya Gray, counsel for Plaintiff, on this 20th and 23rd day of May, 2016, concerning this motion and the relief requested herein. Ms. Gray stated that neither she nor Plaintiff oppose the requested relief.

s/ Robert W. Gifford
Robert W. Gifford

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all known counsel of record via the Court's CM/ECF Filing System on this 24th day of May, 2016.

s/ Robert W. Gifford
Robert W. Gifford