IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **5G STUDIO COLLABORATIVE, LLC,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:15-CV-2719-L** | |
| § | | |
| **DALLAS UPTOWN HOSPITALITY, LLC,** § | | |
| § | | |
| Defendant. § | | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff 5G Studio Collborative LLC's Motion for Entry of Default Judgment (Doc. 35), filed August 22, 2016. After carefully considering the motion, record, and applicable law, the court **grants in part and denies in part** Plaintiff 5G Studio Collborative LLC's Motion for Entry of Default Judgment (Doc. 35).

**I.    Factual and Procedural Background**

On August 19, 2015, 5G Studio Collaborative, LLC, ("5G" or "Plaintiff") brought this action against Dallas Uptown Hospitality, LLC ("DUH" or "Defendant") asserting claims for relief based on breach of contract, promissory estoppel, quantum meruit, and copyright infringement. DUH's time to file an answer or otherwise respond to Plaintiff's Complaint was extended to September 23, 2015. On this date, DUH moved to dismiss Plaintiff's claims but subsequently withdrew its motion to dismiss on October 28, 2015, after 5G filed an Amended Complaint. On November 2, 2015, DUH filed its Answer to the Amended Complaint. On July 22, 2016, the court struck DUH's Answer and entered default against it with respect to liability for Plaintiff's claims after it failed to comply with the court's June 3, 2016 order requiring it to

**Memorandum Opinion and Order – Page 1**

obtain substitute counsel by July 5, 2016. On August 22, 2016, 5G moved for entry of default judgment to recover damages and attorney's fees with respect to its breach of contract and copyright claims.

## II. Discussion

### A. Effect of Default

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). As noted, the court entered default against DUH on July 22, 2016. As a result, DUH is deemed to have admitted the well-pleaded allegations of the Amended Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). "A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Based on the well-pleaded allegations in the Amended Complaint, which the court accepts as true, and the record in this case, the court determines that DUH breached the contract between it and 5G and violated 17 U.S.C. § 501 by infringing 5G's copyright. 5G is, therefore, entitled to a default judgment against DUH on its claims for breach of contract and copyright infringement and an award of appropriate damages.

### B. Damages

For its breach of contract claim, 5G seeks to recover $240,000 for actual costs incurred, plus $192,000 in lost profits. 5G, therefore, seeks to recover damages totaling $432,000 for its breach of contract claim. In addition, 5G requests an award of actual damages in the amount of

**Memorandum Opinion and Order – Page 2**

$120,000 for its copyright infringement claim. Based on the court's review of 5G's pleadings, motion for default judgment, and evidence, however, the court determines that the damages sought with respect to the two claims are for the same injury. "When a plaintiff prevails on both federal and Texas state law causes of action for the same injury, federal courts apply Texas's one satisfaction rule, which requires the prevailing party to elect between the alternative claims for purposes of recovery." *Malvino v. Delluniversita*, 840 F.3d 223, 233 (5th Cir. 2016). Under Texas law, "[w]hen a party tries a case on alternative theories of recovery and a jury returns favorable findings on two or more theories, the party has a right to a judgment on the theory entitling him to the greatest or most favorable relief." *Boyce Iron Works, Inc. v. Southwestern Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988). When a party fails to elect, prior to entry of judgment, the theory under which it wishes to recover, the trial court must enter judgment under the theory that affords the party the greatest recovery. *Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361, 367 (Tex. 1988). 5G has not elected the theory under which it wishes to recover. Because its breach of contract claim will afford it the greatest recovery, the court will enter judgment on this claim in the amount of **$432,000**.

    **C.    Prejudgment Interest**

5G contends that it is entitled to an award of prejudgment interest at the rate provided or allowed by law but does not explain why an award of prejudgment interest is appropriate in this case. In its First Amended Complaint, 5G alleges that the court has federal question jurisdiction over its copyright claim and supplemental jurisdiction over its related state law claims.

When state law claims are before a federal court based on supplemental jurisdiction, state law governs the award of prejudgment interest. *See, e.g., United States v. Lacy*, 234 F.R.D. 140, 148 (S.D. Tex. 2005) (applying Texas law in awarding prejudgment interest with respect to

**Memorandum Opinion and Order – Page 3**

breach of contract claim over which the court has supplemental jurisdiction); *Wesley v. Yellow Transp., Inc.*, 3:05-CV-2266-D, 2010 WL 3606095, at *1 (N.D. Tex. Sept. 16, 2010) (applying Texas law in awarding prejudgment interest for a Texas employment law claim before the court based on supplemental jurisdiction). "The Texas Supreme Court has recognized two separate bases for the award of prejudgment interest: (1) an enabling statute; and (2) general principles of equity." *International Turbine Servs., Inc. v. VASP Brazilian Airlines, Inc.*, 278 F.3d 494, 449 (5th Cir. 2002) (quoting *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex.1998)). "[S]tatutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases." *International Turbine Servs., Inc.*, 278 F.3d at 449. Because 5G's contract claims does not fall within the statutory provisions, prejudgment interest in this case is governed by Texas common law. *Id.*

"Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest on damages awarded for breach of contract." *Id.* When, as here, an interest rate is not specified in the parties' contract, prejudgment interest is calculated based on the statutory rate for postjudgment interest provided in section 304.003 of the Texas Finance Code. *Id.* Section 304.003 of the Texas Finance Code provides that the postjudgment interest rate is "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System . . . is less than five percent[.]" Tex. Fin. Code Ann. § 304.003(c)(2). The current prime rate is 1.41%, which is less than five percent. Accordingly, the prejudgment interest rate that the court will apply is five percent per annum.

Under both the common law and the Texas Finance Code, prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date a defendant received written notice of a claim, or (2) the date suit is filed. Tex. Fin. Code Ann. § 304.104 (West 2006); *see Johnson &*

*Higgins of Texas, Inc.*, 962 S.W.2d at 532 (extending the statutory rule to prejudgment interest awards governed by the common law; that is, those awards that are not based on wrongful death, personal injury or property damage, or otherwise governed by an agreement of the parties). The court does not have sufficient information to determine when or whether Defendant was given or received written notice of 5G's contract claim. The court, therefore, calculates prejudgment interest from the date suit was filed on August 19, 2015, and determines that 5G is entitled to **$48,387.78** in prejudgment interest on its contract claim.

D.     **Attorney's Fees**

5G requests that an award of $44,138 for the reasonable attorney's fees and paralegal fees it incurred in this case with respect to its breach of contract and copyright infringement claims under Texas Civil Practice and Remedies Code § 38.001 and the Copyright Act. Because the court has determined that 5G has elected to recover under a theory of breach of contract, the court analyzes its request to recover attorney's fees with respect to this claim. Section 38.001 of the Texas Civil Practice and Remedies Code permits a party that prevails on a breach of contract claim to recover its "reasonable attorney's fees from an individual or corporation" for services rendered or an oral or written contract. DUH, however, is a limited liability company, not a corporation, and 5G has not presented evidence that it would otherwise entitle it to recover attorney's fees under the parties' contract. As a result, the court determines that 5G is not entitled to recover attorney's fees against DUH for its breach of contract claim under Section 38.001 of the Texas Civil Practice and Remedies Code. *See Plain HostingXtreme Ventures, LLC v. Bespoke Grp.*, LLC, 3:14-CV-1471-M, 2017 WL 4012922, at *7 (N.D. Tex. Aug. 23, 2017), *report and recommendation adopted*, 3:14-CV-1471-M, 2017 WL 3980628 (N.D. Tex. Sept. 11, 2017) (concluding that attorney's fees were not recoverable against a limited liability company

**Memorandum Opinion and Order – Page 5**

under § 38.001 because the term "corporation" does not include limited liability company); *Hoffman v. L & M Arts*, 3:10-CV-0953-D 2015 WL 1000838 at *5 (N.D. Tex. Mar. 6, 2015) (same), *affirmed by*, 838 F.3d 568, 586 (5th Cir. 2016); *see also Greco v. National Football League*, 116 F. Supp. 3d 744, 750 (N.D. Tex. 2015) (denying request for attorney's fees against an unincorporated association under § 38.001).

### III. Conclusion

For the reasons stated, the court **grants** Plaintiff 5G Studio Collborative LLC's Motion for Entry of Default Judgment (Doc. 35) with respect to its request to its breach of contract claim and **awards** it recover **$432,000** in damages and **$48,387.78** in prejudgment interest. Postjudgment interest will accrue on the total award of **$480,387.78** at the applicable federal rate of **1.41%** from the date judgment is entered until it is paid in full. The motion is **denied** in all other respects. As required by Federal Rule of Civil Procedure 58, the court will issue a final default judgment by separate document.

**It is so ordered** this 20th day of October, 2017.

Sam A. Lindsay
United States District Judge